IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY MICHAEL GRANGER AND LONI NICOLE GRANGER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; MARY M. MURGUIA, Chief Judge, U.S. Court of Appeals for the Ninth Circuit; DAVID ESTUDILLO, Chief Judge, U.S. District Court for the Western District of Washington; JAMAL WHITEHEAD, Judge, U.S. District Court for the Western District of Washington; LAUREN KING, Judge, U.S. District Court for the Western District of Washington; JOHN H. CHUN, Judge, U.S. District Court for the Western District of Washington,<br><br>Defendants. | No. 2:25-cv-01516-SAB<br><br>**ORDER TO SHOW CAUSE OR AMEND COMPLAINT** |

Plaintiffs Casey Granger and Loni Granger, proceeding pro se in this civil matter, filed applications to proceed *in forma pauperis* (IFP), ECF Nos. 11, 12.

**ORDER TO SHOW CAUSE OR AMEND COMPLAINT # 1**

## BACKGROUND

Plaintiffs indicate that they are pursuing claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, 42 U.S.C. § 1983, and 18 U.S.C. §§ 1503, 1512–1513, as well as claims for "Abuse of Process and Malicious Prosecution." Specifically, Plaintiffs are suing sitting federal judges in the Western District of Washington, as well as the United States itself, and Chief Judge Mary M. Murguia of the Ninth Circuit Court of Appeals, alleging a "broad[] pattern of coordinated judicial and governmental misconduct."

Attached to the Complaint is a list of "harassment techniques" including items such as "Mobbing (or true gangstalking) where everywhere you go you will see an overt display of people following you and often use words you have been conditioned to or your name to draw your attention" and "[t]he use of electronics to [a]ffect your eyesight and balance which was originally developed for the military and police crowd control called 'dazzling' and even the ability to make you vomit." Neither document alleges a specific instance where Defendants employed these harassment techniques against Plaintiffs.

## LEGAL FRAMEWORK

The district court may deny leave to proceed in forma pauperis at the outset if the complaint on its face is frivolous or without merit. *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987). When a complaint is frivolous, the Court shall dismiss the case at any time. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1229 (9th Cir. 1984). A legal complaint stating a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing the pleader is entitled to relief; and

**ORDER TO SHOW CAUSE OR AMEND COMPLAINT # 2**

      (3) a demand for relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a). While the pleading standard under Rule 8(a) is not overly taxing, it requires more than mere assertions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

      When a plaintiff appears pro se in a civil rights case, the court shall construe the pleadings liberally, giving plaintiff any benefit of doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). However, this lenient standard does not excuse a pro se litigant from meeting the most basic pleading requirements. *See American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000).

      Before dismissing a complaint as frivolous or for failing to state a claim, a district court must provide a pro se litigant (1) notice of the deficiencies in the complaint and (2) an opportunity to amend the complaint prior to dismissal. *McGucken v. Smith*. 974 F.2d 1050, 1055 (9th Cir. 1992). However, a district court is not required to grant leave to amend where the amended complaint would remain futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

## ANALYSIS

Plaintiffs do not allege any facts in their Complaint. Under the Federal Rules of Civil Procedure and relevant caselaw, they are required to provide sufficient facts to show that they are entitled to relief. They have not done so.

      Accordingly, **IT IS HEREBY ORDERED**:

      Because of the deficiencies set forth above, it appears Plaintiffs' Complaint is subject to dismissal. Plaintiffs may show cause why their application to proceed *in forma pauperis* should not be denied or may file a proposed Amended Complaint to cure, if possible, the deficiencies noted above, on or before **October 15, 2025**. If an Amended Complaint is filed, it must be legibly written or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint

**ORDER TO SHOW CAUSE OR AMEND COMPLAINT # 3**

that is not alleged in the amended complaint is waived. The Court will screen the amended complaint to determine whether it states a claim. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will enter a denial of Plaintiffs' application to proceed in forma pauperis.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to Plaintiffs.

**DATED** this 23rd day of September 2025.

_____
Stanley A. Bastian
U.S. District Court Judge

**ORDER TO SHOW CAUSE OR AMEND COMPLAINT # 4**