IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CASEY MICHAEL GRANGER AND LONI NICOLE GRANGER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA; MARY M. MURGUIA, Chief Judge, U.S. Court of Appeals for the Ninth Circuit; DAVID ESTUDILLO, Chief Judge, U.S. District Court for the Western District of Washington; JAMAL WHITEHEAD, Judge, U.S. District Court for the Western District of Washington; LAUREN KING, Judge, U.S. District Court for the Western District of Washington; JOHN H. CHUN, Judge, U.S. District Court for the Western District of Washington,<br><br>　　　　Defendants. | No.  2:25-cv-01516-SAB<br><br>**ORDER OF DISMISSAL** |

　　　On February 1, 2024, the Court ordered Plaintiffs Casey Granger and Loni Granger to show cause why their application to proceed in forma pauperis should not be denied, or in the alternative, granted them leave to file an amended complaint. Plaintiffs filed an Amended Complaint on September 30, 2025.

**ORDER OF DISMISSAL # 1**

In its prior Order, ECF No. 23, the Court noted that Plaintiffs failed to allege any facts in their Complaint. Plaintiffs have provided factual allegations in the Amended Complaint; however, they have still failed to state a claim upon which relief can be granted. *See* ECF No. 23 at 3–4.

Plaintiffs are suing multiple federal judges in the Western District of Washington. Judges, and those carrying out functions normally performed by a judge are entitled to absolute immunity, so long as the action taken was done so as part of an official judicial function. *Partington v. Gedan*, 961 F.2d 852, 866 (9th Cir.1992). The only time judicial immunity does not apply is if the individual was acting in complete absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

It appears that Plaintiffs are suing the judges for actions taken while performing their official judicial functions, and as such, the judges are entitled to absolute immunity, meaning they cannot be sued regardless of error, and the issue of maliciousness or authority is irrelevant. Plaintiff asserts that Defendant Judge Whitehead and Defendant Chief Judge Estudillo acted outside of their jurisdiction by dismissing matters under appeal; however, Plaintiffs do not allege that those Defendants were acting in the complete absence of jurisdiction.

Additionally, Plaintiffs' Amended Complaint inserted a new defendant: "DOE." While it is not specified in the Amended Complaint, the Court construes this defendant as the United States Department of Energy. Regardless, Plaintiffs have failed to state any factual allegation with regards to this Defendant—a requirement they were clearly on notice of due to the Court's prior Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Leave to Proceed in Forma Pauperis, ECF Nos. 1, 2, 11, and 12, are **DENIED**.

2. The above-captioned case is **DISMISSED with prejudice** and

**ORDER OF DISMISSAL # 2**

without costs or attorney's fees.

3. Any remaining motions, if any, are **DISMISSED AS MOOT**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to Plaintiff, and **close** the file.

**DATED** this 15th day of October 2025.

_____
Stanley A. Bastian
U.S. District Court Judge

**ORDER OF DISMISSAL # 3**